United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL SAGAPOLU,<br><br>    Petitioner,<br><br>v.<br><br>JAMES ROBERTSON, Warden,<br><br>    Respondent. | Case No. 18-cv-04630-HSG (PR)<br><br>**ORDER OF PARTIAL DISMISSAL WITH LEAVE TO AMEND** |

**INTRODUCTION**

Petitioner, a California inmate at Pelican Bay State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**BACKGROUND**

According the petition, Petitioner was convicted in 2012 by an Alameda County jury of second degree murder and illegal possession of a firearm by a felon, with an enhancement for personal firearm use. He was sentenced to 25 years to life in state prison. In 2014, the California Court of Appeal affirmed his conviction, and in 2014, the California Supreme Court denied review. Petitioner file unsuccessful habeas petitions in the state superior, appellate, and supreme courts. The instant action was filed on July 31, 2018.

---

[1] Petitioner initially named Scott Kernan as the respondent in this action. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254, James Robertson, the warden of the Pelican Bay State Prison, where Petitioner is incarcerated, is hereby SUBSTITUTED as Respondent in place of the previously named respondent.

# DISCUSSION

## A. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## B. Claims

As grounds for federal habeas relief, Petitioner makes the following claims, which the Court has renumbered: (1) admission into evidence of Petitioner's police interview violated his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966) (Petitioner's claim 8); (2) the trial court erred by failing to correctly instruct the jury on causation, the absence of provocation as an element of murder, and voluntary manslaughter (Petitioner's claim 9); (3) the trial court erred in permitting the jury to have access to contents of petitioner's cell phone records that were not in evidence (Petitioner's claim 10); (4) trial counsel rendered ineffective assistance by failing to seek suppression of petitioner's police interview pursuant to *Miranda* (Petitioner's claim 1); (5) trial counsel rendered ineffective assistance by failing to call an expert witness on the impact of methamphetamine use (Petitioner's claim 2); (6) trial counsel rendered ineffective assistance by failing to ensure the jury was properly instructed on causation (Petitioner's claim 3); (7) trial counsel rendered ineffective assistance by failing to seek to prevent the jury from having access to petitioner's cell phone records during jury deliberations (Petitioner's claim 4); (8) trial counsel rendered ineffective assistance by failing to ensure the jury was properly instructed on the absence of provocation as an element of murder under California law and by failing to request an instruction on voluntary manslaughter (Petitioner's claim 5); (9) the above errors, in combination with counsel's other errors, cumulatively deprived petitioner of his Sixth Amendment right to effective assistance of counsel (Petitioner's claim 6); (10) appellate counsel rendered ineffective

assistance for failing to raise the above claims on appeal (Petitioner's claim 7); and (11) the above errors resulted in cumulative prejudice (Petitioner's claim 11).

There is a problem with Petitioner's first cumulative error claim (Claim 9). Specifically, petitioner asserts cumulative error based not only on the alleged errors of trial counsel stated in Claims 4-8 but also on an additional four alleged errors, which he describes as:

> "(a) trial counsel's failure to object when the prosecutor blatantly misdefined 'implied malice second degree murder' during the prosecutor's summation; (b) trial counsel failed to object to a spate of prejudicial but irrelevant evidence related to petitioner's Acura; (c) trial counsel failed to competently seek the exclusion of evidence related to the criminal enterprises being conducted at Anthony Ross' house and in the dwelling of Mr. Ross' upstairs neighbor (Mr. Smothers), and this despite the complete irrelevance of the facts related to these people; and (d) counsel did not seek to exclude evidence that petitioner had been to prison and county jail previously on unspecified charges unrelated to this case."

Dkt. No. 1 at 7. Petitioner does not assert (a)-(d) as separate Sixth Amendment claims. Rather, he appears to ask that the Court assume the errors alleged in (a)-(d) for purposes of evaluating the cumulative error asserted in Claim 9. The Court will not do so.

Petitioner will be afforded the opportunity to amend his petition to separately state Sixth Amendment ineffective assistance of counsel claims relating to the allegations in (a)-(d). He should note, however, that federal habeas petitioners are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b),(c); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). Only if the federal claim has been "fairly presented" to the state courts is the exhaustion requirement satisfied. *Id.*

In order to give the state the opportunity to correct alleged violations of prisoners' federal rights, the claims urged upon the state courts must be "the substantial equivalent" of those relied upon in the federal petition. *Picard*, 404 U.S. at 278. "[M]ere similarity of claims is insufficient to exhaust." *Duncan v. Henry*, 513 U.S. 364, 366 (1995). Constitutional claims are not fairly presented to the state courts and therefore are not exhausted if, for example, the claims in the

3

federal petition and those presented to the state courts (1) arose under different federal constitutional provisions (including different clauses in the same constitutional amendment, e.g., the due process and equal protection clauses of the 14th Amendment), *see Brown v. Cuyler*, 669 F.2d 155, 159 (3d Cir. 1982), (2) arose under the same constitutional provision but are logically distinct or are based on different and unrelated lines of precedent, *see Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Poyson v. Ryan*, 879 F.3d 875, 896 (9th Cir. 2018) (new allegations and evidence presented to federal court on IAC claim fundamentally altered the previously exhausted IAC claim); or (3) one claim relied on state law while the other relied on federal law, even if the state and federal provisions and standards are similar, *see Peterson v. Lampert*, 319 F.3d 1153, 1159-61 (9th Cir. 2003) (en banc); *but see Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003) (*Peterson* makes it clear that, depending on context of the claim, a prisoner may alert a state court to the federal nature of the asserted right by using the phrase "ineffective assistance of counsel" even though he does not cite federal constitution or federal case law in his petition).

If he has a claim he wishes this Court to consider, but that has not yet been presented to the California Supreme Court, Petitioner may file a motion for a stay and abeyance at the time he files his amended petition. If that motion is granted, the Court will stay the federal proceedings and hold the amended petition in abeyance until Petitioner exhausts the unexhausted claim. In his motion for stay and abeyance, Petitioner should identify each currently unexhausted claim that he intends to exhaust and explain why he has not yet presented it to the California Supreme Court to exhaust state court remedies for it. In preparing such a motion, he should bear in mind that a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The petition is DISMISSED with leave to amend within **thirty (30)** days from the date this order is entered. The amendment must be on the court's form for prisoner Section 2254

4

petitions and must include the caption and civil case number used in this order (C 18-4630 HSG (PR)) and the words "AMENDED PETITION" on the first page. The amended petition will supersede any prior filings, and Petitioner is reminded that the amended petition must contain all claims he wishes to pursue and may not incorporate by reference any parts of the original petition. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

If Petitioner does not wish to file an amended petition, he shall so inform the Court within **thirty (30)** days from the date of this order. **If Petitioner fails to file an amended petition, the Court will enter an order to show cause directing Respondent to file an Answer on Claims 1-11 but disregarding the errors alleged in (a)-(d).**

2. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3. The Clerk of the Court shall send Petitioner a blank habeas corpus form along with a copy of this Order.

4. Additionally, the Clerk is directed to substitute Warden James Robertson on the docket as the respondent in this action.

**IT IS SO ORDERED.**

Dated: 10/29/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge