UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL SAGAPOLU,<br>　　　　Petitioner,<br>　　v.<br>JAMES ROBERTSON, Warden,<br>　　　　Respondent. | Case No. 18-cv-04630-HSG (PR)<br><br>**ORDER TO SHOW CAUSE** |

On July 31, 2018, Petitioner, a California inmate at Pelican Bay State Prison, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2012 Alameda County conviction for second degree murder and illegal possession of a firearm by a felon, with an enhancement for personal firearm use. By order entered October 29, 2018, the Court found that the claims appeared cognizable but that one of Petitioner's cumulative error claims (Claim 9) included multiple sub-claims for ineffective assistance of counsel that would be more properly stated as separate claims. The Court dismissed the petition with leave to amend so that Petitioner could separately allege his sub-claims. Petitioner has notified the Court that he does not wish to amend his petition because he has repeated verbatim the allegations that he made and exhausted in state court, including the California Supreme Court. *See* Dkt. No. 7.

Because it is Petitioner's preference, and because Respondent will have the opportunity to move to dismiss any claims that are not properly presented, the Court will direct Respondent to file an answer to the original petition, which includes the following claims as renumbered by the Court: (1) admission into evidence of Petitioner's police interview violated his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966) (Petitioner's claim 8); (2) the trial court erred by failing to correctly instruct the jury on causation, the absence of provocation as an element of murder, and voluntary manslaughter (Petitioner's claim 9); (3) the trial court erred in permitting the jury to

have access to contents of Petitioner's cell phone records that were not in evidence (Petitioner's claim 10); (4) trial counsel rendered ineffective assistance by failing to seek suppression of Petitioner's police interview pursuant to *Miranda* (Petitioner's claim 1); (5) trial counsel rendered ineffective assistance by failing to call an expert witness on the impact of methamphetamine use (Petitioner's claim 2); (6) trial counsel rendered ineffective assistance by failing to ensure the jury was properly instructed on causation (Petitioner's claim 3); (7) trial counsel rendered ineffective assistance by failing to seek to prevent the jury from having access to Petitioner's cell phone records during jury deliberations (Petitioner's claim 4); (8) trial counsel rendered ineffective assistance by failing to ensure the jury was properly instructed on the absence of provocation as an element of murder under California law and by failing to request an instruction on voluntary manslaughter (Petitioner's claim 5); (9) the above errors, in combination with counsel's other errors, cumulatively deprived petitioner of his Sixth Amendment right to effective assistance of counsel (Petitioner's claim 6); (10) appellate counsel rendered ineffective assistance by failing to raise the above claims on appeal (Petitioner's claim 7); and (11) the above errors resulted in cumulative prejudice (Petitioner's claim 11). *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall mail a copy of this order and the petition with all attachments (dkt. no. 1) to the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record and/or parole eligibility hearings that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of the date the answer is filed.

3. Respondent may file, within **sixty (60) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: 12/7/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge