UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL SAGAPOLU,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN ROBERT BURTON,<br><br>    Respondent. | Case No. 18-cv-04630-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 12 |

Petitioner Cecil Sagapolu, an inmate at Deuel Vocational Institution,[1] in Tracy, California, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction and sentence from Alameda County Superior Court. Pending before the Court is respondent's Motion to Dismiss the Petition. Dkt. No. 12. Petitioner has filed an opposition, Dkt. No. 15, and respondent has filed a reply, Dkt. No. 16. For the reasons set forth below, the Court GRANTS respondent's motion to dismiss.

**BACKGROUND**

On March 1, 2012, an Alameda County jury found Petitioner guilty of second degree murder (count one) and illegal possession of a firearm by a felon (count 2). Dkt. No. 12-1 at 4. The jury also found true the enhancement for personal use of a firearm. Dkt. No. 12-1 at 4. The state court sentenced petitioner to an indeterminate term of fifteen years to life in prison on count one, with a consecutive ten year term for the enhancement. The state court sentenced petitioner to three years in prison on count two, but stayed the sentence pursuant to Cal. Penal Code § 654.

---

[1] In accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to substitute Warden Robert Burton as Respondent because he is Petitioner's current custodian.

Dkt. No. 12-1 at 4-5. Petitioner appealed the conviction and simultaneously filed a separate petition for a writ of habeas corpus. Dkt. No. 12-1 at 5 and 16. In his appeal, petitioner alleged that he was deprived of effective assistance of counsel because defense counsel (1) failed to raise an objection to a question of an expert witness; (2) failed to counter the prosecutor's argument that it would have been difficult for the witness to shoot herself; and (3) failed to mention "reasonable doubt" during closing argument. Dkt. No. 12-1 at 3-18. In his habeas petition, petitioner raised the same issues but also sought an evidentiary hearing regarding trial counsel's omissions. Dkt. No. 12-1 at 3. On October 24, 2014, the state appellate court affirmed the conviction, denying the ineffective assistance of counsel claims on the merits, and denied the state habeas petition in a separate order. Dkt. No. 12-1 at 3-18. On September 2, 2014, petitioner submitted a petition for review raising the same claims to the California Supreme Court, which was denied on January 14, 2015. Dkt. No. 12-1 at 20-38.

On September 9, 2015, petitioner initiated a second round of collateral proceedings in the state court, filing a petition for a writ of habeas corpus in Alameda County Superior Court raising the following grounds for relief: (1) trial counsel was ineffective when he failed to seek suppression of petitioner's statement to the police, failed to counter Dr. Beaver's testimony by calling an expert on the behavioral and psychological impact of methamphetamine use, failed to have the jury properly instructed on causation, failed to prevent the jury from having access to petitioner's cellphone during deliberations, failed to have the jury instructed that absence of provocation is an element of murder and also failed to seek a voluntary manslaughter instruction, and cumulative error as a result of these deficiencies; (2) appellate counsel was ineffective when he failed to raise these grounds on appeal and in the prior habeas petition; and (3) petitioner's rights to due process under the Fifth, Sixth, and Fourteenth Amendment were violated when trial counsel failed to seek suppression of his statement to police, failed to correctly instruct the jury, failed to prevent the jury from being exposed to his cellphone, and cumulative error. The Alameda County Superior Court denied this petition on June 22, 2016, denying the claims of ineffective assistance of trial counsel as untimely, citing to *In re Clark*, 5 Cal.4th 750, 755 (Cal. 1993), *In re Sanders*, 21 Cal.4th 697, 703 (Cal. 1999), and *In re Robbins*, 18 Cal.4th 770, 780

(Cal. 1998), and denying these claims on the merits; denying the ineffective assistance of appellate counsel claim on the merits; and denying the due process claim as procedurally barred for failure to exhaust appellate remedies, citing to *In re Harris*, 5 Cal.4th 813, 823 (Cal. 1993) and *In re Dixon*, 41 Cal.2d 756, 759 (Cal. 1983). Dkt. No. 12-1 at 40-62. Petitioner filed a petition for a writ of habeas corpus with the California Court of Appeals, which was denied on September 1, 2017 as follows:

> A jury convicted petitioner Cecil Sagapolu of second-degree murder in 2012. We affirmed his conviction and sentence in an unpublished opinion filed October 24, 2014 (A135464) and simultaneously denied his first habeas petition (A139895). In this successive petition, Sagapolu raises multiple claims of ineffective assistance of counsel, some of them for the second time.
>
> Having closely reviewed the petition, the Attorney General's detailed response, and petitioner's reply, we conclude petitioner's claims are without merit. In particular, petitioner has failed to show that the issues he claims his appellate counsel should have raised, including those challenging the effectiveness of his trial counsel, are "one[s] that would have entitled the petitioner to relief had [they] been raised and adequately presented in the initial petition, and that counsel's failure to [raise and present these issues] reflects a standard of representation falling below that to be expected from an attorney engaged in the representation of criminal defendants." (*In re Clark* (1995) 5 Cal.4th 750, 780.)
>
> The petition for writ of habeas corpus is accordingly DENIED.

Dkt. No. 12-1 at 64. On July 11, 2018, the California Supreme Court summarily denied the petition for a writ of habeas corpus. Dkt. No. 12-1 at 65.

**DISCUSSION**

Respondent has filed a motion to dismiss this petition as untimely, arguing that the instant petition, filed on July 16, 2018,[2] is untimely because petitioner's conviction became final on April 14, 2015, and petitioner's second round of state collateral proceedings did not toll the limitations period. Dkt. No. 12. Petitioner argues that the limitations period was tolled because the state

---

[2] In determining when a *pro se* state or federal petition is filed, the "mailbox" rule applies. A petition is considered to be filed on the date a prisoner hands the petition to prison officials for mailing. *Ramirez v. Yates*, 571 F.3d 993, 996 n.1 (9th Cir. 2009); *Jenkins v. Johnson*, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408 (2005). It is unclear from the record when petitioner handed the petition to prison officials for mailing. No proof of service was submitted with the petition, and there is no record of the envelope in the docket. Although the petition was docketed by the Court on July 31, 2018, the petition was signed on July 16, 2018. Dkt. No. 1 at 6. Whether the petition should be deemed filed on July 16, 2018, July 31, 2018, or a date in between does not affect the analysis regarding the petition's timeliness. Accordingly, for the purposes of this motion, the Court presumes that the instant petition was filed July 16, 2018.

3

1 courts addressed his second round of habeas petitions on the merits. Dkt. No. 15.

**A.  Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time on state prisoners a one-year statute of limitations for filing federal petitions for a writ of habeas corpus. In relevant part, Section 2244(d)(1)(A) requires state prisoners challenging non-capital state convictions or sentences to file their habeas petitions within one year of the latest of the date on which the judgment became final after the conclusion of direct review or the time passed for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[3] The one-year period generally will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" concludes upon the United States Supreme Court's denial of certiorari review of a state court conviction, or upon the expiration of the time for filing a petition for certiorari review in the United States Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999); *see also Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review); *Bowen*, 188 F.3d at 1159 (same).

The one-year statute of limitations is tolled under Section 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state habeas petition filed before AEDPA's statute of limitations begins to run tolls the limitations period. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period

---

[3] Section 2244(d)(1)(B)-(D) also provides for the delayed commencement of the AEDPA one-year limitations period in three circumstances. Where applicable, the limitations period may start from (1) the date when an impediment to filing an application created by unconstitutional state action was removed, if such action prevented the petitioner from filing; (2) the date a constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (3) the date the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B)-(D).

that has ended before the state petition was filed," even if the state petition was timely filed); *Jiminez*, 276 F.3d at 482 (same).

An application for collateral review is "pending" in state court for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). If the time to file a federal petition has not already expired when a second round of properly filed California habeas petitions begins, the second round of petitions can toll the § 2244(d)(1) period. *See Dils v. Small*, 260 F.3d 984, 986 (9th Cir. 2001).

The second round of habeas petitions tolls the AEDPA statute of limitations period only if the petition is properly filed. In *Artuz v. Bennett*, 531 U.S. 4 (2000), *Carey v. Saffold*, 536 U.S. 214 (2002), and *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the United States Supreme Court addressed what "properly filed" means for purposes of Section 2244(d)(2) tolling. In *Artuz*, the United States Supreme Court determined that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz*, 531 U.S. at 8. Subsequently, in *Carey*, the United States Supreme Court held that a petition was not properly filed if the state court issued a clear ruling that the petition was untimely even if the state court also considered the petition on the merits. Specifically, the *Carey* court considered whether Section 2244(d)(2) required tolling where the California Supreme Court denied the petition both "on the merits and for lack of diligence." *Carey*, 536 U.S. at 225. Although the *Carey* court found that the California Supreme Court's order was unclear and remanded the case to the Ninth Circuit to determine why the California Supreme Court would have considered the merits of the petition if it considered the petition untimely, the *Carey* court explained that, if the California Supreme Court had clearly ruled that Saffold's four-and-a-half month delay was "unreasonable," i.e., untimely, "that would be the end of the matter, regardless of whether [the California Supreme Court] also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits." *Id.* at 226.

Three years later, in *Pace*, the Supreme Court clarified: "When a postconviction petition is untimely under state law, "that [is] the end of the matter" for purposes of § 2244(d)(2)." *Pace*,

5

554 U.S. at 414. A state's "time limits, no matter their form, are 'filing' conditions." *Id.* at 417. If the state court rejects a state habeas petition as untimely, it was not "properly filed" and the petitioner is not entitled to statutory tolling under Section 2244(d)(2). *Id.* Accordingly, for tolling to be applied based on a second round of California habeas petitions, that second habeas petition cannot have been denied as untimely. *See*, *e.g.*, *Townsend v. Knowles*, 562 F.3d 1200, 1205 (9th Cir. 2009), *abrogated by Walker v. Martin*, 562 U.S. 307 (2011) (applying *Pace* and *Bonner v. Carey*, 425 F.3d 1145 (9th Cir. 2005) and finding that, where state court denied state habeas petition as untimely and on the merits, petition was not properly filed within the meaning of Section 2244(d)(2)); *Bonner v. Carey*, 425 F.3d 1145, 1148–49 (9th Cir. 2005) (observing that "[t]he fact that California provides exceptions to its timely filing requirement" and "the fact that the superior court also denied [] petition on the merits" do not alter the conclusion that an untimely state filing is not properly filed within the meaning of Section 2244(d)(2)), *opin. amended on other grounds*, 439 F.3d 993 (9th Cir. 2006).

Additionally, a successive petition in California is not "properly filed" for AEDPA tolling purposes. *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("For tolling to be applied based on a second round, the petition cannot be untimely or an improper successive petition.") (citing *Townsend*, 562 F.3d at 1205).[4]

---

[4] There is a split in our district as to whether *Porter*'s statement regarding successive petitions is binding Ninth Circuit precedent.

In *Rogers v. Swarthout*, No. C-14-3087 EMC (PR), 2015 WL 493842 (N.D. Cal. Feb. 4, 2015), the *Rogers* court reasoned that the statement in *Porter* regarding successive petitions "was dicta rather than the holding because the case involved a state petition rejected as untimely rather than as successive" and the *Rogers* court relied on *Townsend v. Knowles*, 562 F.3d 1200 (9th Cir. 2009), *overruled on other grounds by Walker v. Martin*, 562 U.S. 307 (2011), which did not concern a successive petition. The *Rogers* court instead found that *Artuz v. Bennett*, 531 U.S. 4 (2000), was controlling; that *Artuz* held that a petition rejected by the state court as a successive petition could nonetheless be a properly filed petition; and that *Artuz* remained good law after *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

In contrast, in *Polk v. Hughes*, No. 12-CV-05986-VC (PR), 2015 WL 1322304 (N.D. Cal. Mar. 24, 2015), *aff'd sub nom. Polk v. Hill*, 700 F. App'x 688 (9th Cir. 2017), the *Polk* court reasoned that *Pace* had explained that *Artuz* held that "time limits on post-conviction petitions are conditions to filing such that an untimely petition would not be 'properly filed,'" and that under California law a successive petition is a delayed petition, and therefore successive petitions are not properly filed within the meaning of § 2244(d)(2). *Id.* at *3.

This Court has carefully considered the relevant caselaw and defers to the Ninth Circuit's interpretation of its caselaw. In *Townsend*, the Ninth Circuit interpreted *Pace* as holding that a state's time limits, no matter their form, are filing conditions that must be met for a petition to be

6

In addition, if there is any gap between the completion of one round of review and the commencement of another round of state habeas review, the petitioner is not entitled to tolling during the gap.[5] *See Biggs v. Duncan*, 339 F.3d 1045, 1046-48, 1048 (9th Cir. 2003) (finding that petitioner was not entitled to tolling of the 129 day period before he began a second round of habeas petitions because his first round of collateral review, which fully exhausted the claims raised in the first petition, was complete when the California Supreme Court denied the first petition); *Smith v. Duncan*, 297 F.3d 809, 814-15 (9th Cir. 2002) (when calculating tolling period, excluding gap between first set of state habeas petitions (superior court, court of appeal and supreme court) and second set of state habeas petitions (superior court, court of appeal and supreme court)); *Dils*, 260 F.3d at 986 (no tolling limitations period during gap between successive state habeas petitions filed in the state's highest court).

## B. Analysis

The following facts are undisputed.

Petitioner's first round of state collateral proceedings commenced when he filed a habeas petition along with his appeal, and was completed on January 14, 2015 when the California Supreme Court denied his petition. Petitioner's conviction became final on April 14, 2015, ninety days after the California Supreme Court denied petitioner's petition for review on January 14, 2015.

On September 9, 2015, petitioner commenced his second round of state collateral proceedings when he filed his second habeas petition in Alameda County Superior Court. Petitioner's second round of state collateral proceedings was completed on July 11, 2018, when

---

"properly filed" within the meaning of Section 2244(d)(2). *Townsend*, 562 F.3d at 1205. In *Porter*, the Ninth Circuit interpreted the holding in *Townsend* as holding that successive petitions, because they are untimely, would also not be "properly filed" within the meaning of Section 2244(d)(2). Although *Townsend* does not mention successive petitions or concern a successive petition, this Court is bound by the Ninth Circuit's interpretation of its own circuit law.
[5] In two circumstances, tolling is available for the time period between the two petitions. Where the successive petition is limited to an elaboration of the facts relating to the claims in the first petition and where the successive petition attempts to correct deficiencies of the initial petition, the petitioner is then still making "proper use of state court procedures" and the time period between the two petitions is tolled. *King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003). This exception is unavailable here because the second habeas petition raises new claims and is not an attempt to correct deficiencies of a prior petition.

7

the California Supreme Court denied his second habeas petition.

On or about July 16, 2018, petitioner filed the instant petition.

The one-year AEDPA statute of limitations period for the underlying conviction began to run on April 14, 2015, when petitioner's conviction became final. As of that date, petitioner had completed one round of state collateral proceedings. One hundred and forty-eight (148) days later, on September 9, 2015, petitioner commenced his second round of collateral proceedings. Because the second habeas petition raised new claims and was not an attempt to correct deficiencies in the initial petition, petitioner is not entitled to tolling for the time period between the two rounds of state collateral proceedings. *See King*, 340 F.3d at 823; *Biggs*, 339 F.3d at 1046-48.

The question before the Court is whether petitioner's second habeas petition was properly filed within the meaning of Section 2244(d)(2), thereby entitling him to statutory tolling for the time period during which his second habeas petition was pending (September 9, 2015 to July 11, 2018). If petitioner is entitled to statutory tolling for that time period, the instant federal habeas petition is timely filed. If petitioner is not entitled to statutory tolling for that time period, the limitations period expired on April 14, 2016, and the instant petition is untimely by approximately two years and three months.

Respondent argues that the second habeas petition was not properly filed within the meaning of § 2244(d)(2) because the state court denied the petition as successive. Petitioner argues that it was decided on the merits, making it properly filed for Section 2244(d)(2) purposes. Petitioner also argues that the state court referenced *In re Clark*, 5 Cal. 4th 570 (1995), only to address the merits of petitioner's federal ineffective assistance of counsel claims, as evidenced by the pin citation and quotation used, and is not an indication that the state court relied on other aspects of *Clark* to deny his petition. Petitioner further argues that the state court's denial turned solely on federal law and did not evaluate petitioner's compliance with state procedural rules. Dkt. No. 15 at 2.

The Court agrees with respondent. As discussed above, where a state court denies a petition both on the merits *and* as untimely, the petition is considered untimely and is not properly filed within the meaning of Section 2244(d)(2). *Carey*, 536 U.S. at 225-26; *Pace*, 544 U.S. at

8

414-17; *Townsend*, 562 F.3d at 1205; *Bonner*, 425 F.3d at 1148–49. The Court therefore turns to the language used by the state court in denying the petition to determine whether the petition was denied as successive. Because the California Supreme Court denied petitioner's second state habeas petition without any reasoning, the Court looks to the California Court of Appeal's decision denying the second state habeas petition as the last reasoned state court decision. *Martinez v. Garcia*, 379 F.3d 1034, 1037 n.2 (9th Cir. 2004).

The California Court of Appeal clearly identified the second habeas petition as successive, stating: "In this *successive* petition, Sagapolu raises multiple claims of ineffective assistance of counsel, some of them for the second time." Dkt. No. 12-1 at 64 (emphasis added). The California Court of Appeal then summarily denied all the claims on the merits, and followed this summary denial by discussing the merits of the ineffective assistance of appellate counsel claims and quoting *In re Clark*, 5 Cal. 4th 750, 780 (1995). Dkt. No. 12-1 at 64.

The Court agrees with petitioner that this pinpoint citation to *In re Clark* cannot be interpreted as incorporating all of *Clark*. However, the Court disagrees with petitioner's claim that this pinpoint citation "informs us only that the particular [quotation] was lifted from that page" and that the quoted passage denies the ineffective assistance of appellate counsel by applying the *Strickland* standard. Dkt. No. 15 at 2. The petitioner in *Clark* did not allege ineffective assistance of appellate counsel, and the quoted language cannot reasonably be read to be applying or referencing *Strickland*. Rather, the Court agrees with respondent that, by quoting this passage, the California Court of Appeal emphasized that its denial on the merits of the ineffective assistance of appellate counsel claims also preemptively denied any implied arguments that the alleged ineffective assistance of appellate counsel constituted cause to excuse petitioner's procedural default which, in this case, was the failure to raise all his claims in the initial petition.

> If, therefore, counsel failed to afford adequate representation in a prior habeas corpus application, that failure may be offered in explanation and justification of the need to file another petition. The petitioner must, however, allege with specificity the facts underlying the claim that the inadequate presentation of an issue or omission of any issue reflects incompetence of counsel, i.e., that the issue is *one which would have entitled the petitioner to relief had it been raised and adequately presented in the initial petition, and that counsel's failure to do so reflects a standard of representation falling below that to be expected from an attorney engaged in the representation of criminal defendants*. However, if the petitioner is aware of facts that may be a basis for collateral attack, and of their

9

> potential significance, he may not fault counsel for failing to pursue that theory of relief if the petitioner failed to advise counsel of those facts.
>
> Moreover, mere omission of a claim "developed" by new counsel does not raise a presumption that prior habeas corpus counsel was incompetent, or warrant consideration of the merits of a successive petition. Nor will the court consider on the merits successive petitions attacking the competence of trial or prior habeas corpus counsel which reflect nothing more than the ability of present counsel with the benefit of hindsight, additional time and investigative services, and newly retained experts, to demonstrate that a different or better defense could have been mounted had trial counsel or prior habeas corpus counsel had similar advantages.

*In re Clark*, 5 Cal. 4th at 780 (emphasis added). The quotation, read in context, explains when ineffective assistance of appellate counsel can constitute cause to excuse the filing of a petition that is untimely because it is successive.

The Court finds that the California Court of Appeal's order denied the second habeas petition on the merits and as successive. Accordingly, the second habeas petition was not "properly filed" within the meaning of Section 2244(d)(2), and petitioner is not entitled to statutory tolling for September 9, 2015 to July 11, 2018. *See Porter*, 620 F.3d at 957; *see also Hughes v. Paramo*, C No. CV 17-154-FMO (PJW), 2018 WL 3238585, at *4 and n.4 (C.D. Cal. Jun. 25, 2018) (finding that state habeas petition rejected as successive was not properly filed and collecting cases; rejecting *Rogers*' holding that *Porter* was dicta); *Silva v. Cate*, C No. 12–CV–1314 LAB (NLS), 2013 WL 3353845, at *4 n.3 (S.D. Cal. Jul. 3, 2013) ("A successive state habeas petition is not considered 'properly filed' under § 2244(d), and therefore cannot be used when calculating statutory tolling.").

## CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing Habeas Corpus Cases Under Section 2254, Rule 11(a).

A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard, *id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss the petition as untimely is GRANTED. The petition for a writ of habeas corpus is DENIED as untimely, and a certificate of appealability is DENIED.

The Clerk shall enter judgment in favor of respondent and close the file.

This order terminates Dkt. No. 12.

**IT IS SO ORDERED.**

Dated: 12/2/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

11